IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


MARIO D. JONES                                                    PLAINTIFF


V.                                    CIVIL ACTION NO. 3:20-CV-77-KHJ-LGI


GREAT SOUTHERN NATIONAL BANK;                        DEFENDANTS
RAYMOND JAIL; JACKSON POLICE DEPARTMENT;
CASSANDRA KAUERZ; STEPHEN HATCHETT, DA;
LT. BOBBY QUEEN; FRED SULLIVAN; KENNETH
WILSON; BRETT TROTTER; FRANKLIN CHANCEY;
EILEEN PARRISH; BRYAN HOSS; JUDGE CARROLL
ROSS; JUDGE AMY REEDY; DR. JAMES SEGO;
ALVIN PASCHAL; STEVE BEBB; 10TH JUDICIAL
DRUG TASK FORCE; BRADLEY COUNTY
DISTRICT ATTORNEY GENERAL'S OFFICE;
BRADLEY COUNTY SHERIFF'S OFFICE; PAMELA
HANCOCK; WILLIAM HAMMACK


ORDER

        This action is before the Court on several motions. These Defendants filed

Motions to Dismiss: William Hammack [6]; Great Southern National Bank [7];

Cassandra Kauerz [8]; Pamela Hancock [10]; Franklin Chancey [12]; James Sego

[17], [44]; Bradley County Sheriff's Office [21]; Bryan Hoss [34]; and 10th Judicial

District Drug Task Force ("10th JDDTF") [42]. Defendant Franklin Chancey also

filed a Motion for More Definite Statement [14]. For the reasons below, the Court

grants Defendants' Motions to Dismiss and denies Chancey's Motion for More

Definite Statement as moot.

I.     Facts and Procedural History

Plaintiff Mario D. Jones' lawsuit arises from two separate events—one occurring in various Mississippi cities and the other occurring in Bradley County, Tennessee. [39] ¶¶ 19-41. The only apparent link between the two events is that they happened within a few years of each other. *Id.* ¶ 8.

First, Jones contends that in Mississippi, between 2006 and 2007, Defendants Cassandra Kauerz, Great Southern National Bank, Pamela Hancock, and William Hammack conspired together to defraud Jones of his right to a "multi-billion dollar" inheritance from Thomas F. Wilson. *Id.* ¶¶ 8, 12-14, 83-87, 89. According to Jones, this was a "continuous criminal conspiracy" with elements of "murders, attempted murders, bank fraud, financial fraud, kidnapping for ransom, extortion, bribery, public corruption, [and] deprivation of rights under the color of law"—all resulting in Defendant Kauerz being "illegally appointed executrix" of Thomas F. Wilson's estate. *Id.* ¶¶ 16, 89. Jones alleges Great Southern National Bank engaged in the conspiracy by ignoring his "court-issued Letter of Administration" and allowing Kauerz to "embezzle money from [Thomas F. Wilson's] Trust." *Id.* ¶ 98.

Second, Jones alleges that in 2002, he was "illegally charged" with transporting Schedule II controlled substances in Bradley County, Tennessee, after "pills" were "unlawfully planted in [his] car." *Id.* ¶¶ 7, 156. Jones contends Tennessee Defendants Steven Hatchett, Lt. Bobby Queen, Dr. James Sego, Alvin Paschal, Steve Bebb, Bradley County District Attorney's Office, Bradley County

Sheriff's Office, Fred Sullivan, Kenneth Wilson, Brett Trotter, the 10th JDDTF, Judge Carroll Ross, Judge Amy Reedy, Eileen Parrish, and Bryan Hoss "committed fraud and/or perjury" and engaged in "criminal misconduct and drug conspiracy" to have him wrongfully arrested. *Id.* ¶¶ 103-04, 111-13, 120-23, 131, 145, 175, 196. Jones alleges officers of the 10th JDDTF presented false testimony and evidence to the Bradley County Grand Jury and gave false testimony at Jones' criminal trial to have him wrongfully convicted. *Id.* ¶¶ 102-03, 125-28, 159.

Jones seeks to bring his claims under 42 U.S.C. § 1983 and asserts four causes of action: (I) violation of his Constitutional rights "by unlawful taking of estate and public officials engage[d] in extortion;" (II) "violation of federal banking law and/or regulation;" (III) "Jones was wrongfully convicted, essentially kidnapped, and falsely imprisoned;" and (IV) "falsified court documents to imprison Jones wrongfully and falsely." *Id.* at 11-32. Although Jones asserts all four causes of action against "all Defendants," Jones does not allege the Tennessee Defendants were involved in the Mississippi conspiracy to defraud Jones of his inheritance from the Thomas F. Wilson estate (Counts I and II), nor does he allege the Mississippi Defendants were involved in his wrongful arrest in Tennessee (Counts III and IV). Thus, the Court will presume Jones intended the first two causes of action to apply only to the Mississippi Defendants, and the second two causes of action apply only to the Tennessee Defendants.

II.    Standard

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But the general rule that a court must "accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare recitation of the elements of a cause of action, supported by mere conclusory statements, does not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

To overcome a Rule 12 (b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

III.    Analysis

Defendants Hammack [6], Great Southern National Bank [7], Kauerz [8], Hancock [10], Chancey [12], Bradley County Sheriff's Office [21], Hoss [34], and the 10th JDDTF [42] moved to dismiss because the statute of limitations on Jones' § 1983 action has expired. Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."

*Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). While the remaining Defendants have not raised a statute of limitations defense, a district court may raise it sua sponte where "it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations." *Aguilar v. Abbott*, 172 F.3d 868 (5th Cir. 1999) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).

42 U.S.C. § 1983 does not itself prescribe a statute of limitations. Rather, when a plaintiff brings a section 1983 action, federal courts apply the "statute of limitations governing personal injuries in the forum state." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Piotrowski v. City of Houston.*, 237 F.3d 567, 576 (5th Cir. 2001). And while state law governs the statute of limitations, federal law governs the accrual of a section 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations period begins to run "the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Piotrowski*, 237 F.3d at 577 (citing *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)). Here, no matter if this Court applies the one-year statute of limitations for personal injury actions arising in Tennessee (Tenn. Code Ann. § 28-3-104(a)(3)), or the three-year statute of limitations for personal injury actions arising in Mississippi (Miss. Code Ann. § 15-1-49), Jones' claims are time-barred.

Jones' first two causes of action—for unlawful taking of property (the Thomas F. Wilson estate) and for alleged violations of federal banking laws—are barred by the three-year statute of limitations in Mississippi. Jones alleges that he was

appointed administrator of the estate on October 17, 2006, but that on or around October 25, 2006, Great Southern National Bank ignored two notices of "Jones' court-issued Letter of Administration" and denied him access to Thomas F. Wilson's assets. [39] ¶¶ 79, 98. He contends Kauerz illegally became executrix of Thomas F. Wilson's estate and Hancock, a prosecutor who "refused to represent Jones," was "complicit in the conspiracy." *Id.* ¶¶ 88, 89. The statute of limitations period for any alleged mishandling of the estate or Jones' ownership interest in it, therefore, began to run on October 25, 2006 and expired on October 25, 2009—more than ten years before Jones filed this action. *See* Miss. Code Ann. § 15-1-49.

Moreover, Jones makes only passing references to "violation[s] of federal banking laws." *Id.* ¶¶ 90-96. He alleges Great Southern National Bank violated the Federal Deposit Insurance Corporation Law, the Federal Institutions Reform, Recovery, and Enforcement Act of 1989, the Federal Deposit Insurance Act, the Racketeer Influenced and Corrupt Organizations Act, and "any applicable Federal Banking Law or Regulation." *Id.* Jones includes no facts to support how Great Southern National Bank allegedly violated these regulations. While pro se pleadings are treated more liberally, "some facts must be alleged to convince [the Court] that the plaintiff has a colorable claim" and conclusory allegations will not suffice. *Mills v. Criminal Dist. Court*, 837 F.2d 677, 678 (5th Cir. 1988). Merely listing several acts is not sufficient, and it is not the Court's burden to sift through bald allegations to divine a claim.

Jones' third and fourth causes of action—that he was wrongfully convicted, kidnapped, and falsely imprisoned and that Defendants "falsified court documents" for his wrongful imprisonment—are also time-barred. [39] at 22-32. While the purported timeline is admittedly difficult to follow, the Court has deduced that Jones alleges the 10th JDDTF and arresting officers "framed" and wrongfully arrested him on June 27, 2002. *Id.* ¶ 145. He contends Defendants "committed fraud and/or perjury" in presenting evidence and testimony against him before the Grand Jury of Bradley County, Tennessee, and as a result, Jones was indicted on September 4, 2003 for Possession with Intent to Distribute Schedule II Narcotics. *Id.* ¶¶ 102, 167.[1] The statute of limitations for Jones' false arrest claim began to run on June 27, 2002, the date he was detained. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). Under either Tennessee's one-year or Mississippi's three-year statute of limitations, Jones' false arrest claim expired—at the latest—on June 27, 2005. *See* Tenn. Code Ann. § 28-3-104(a)(3); Miss. Code Ann. § 15-1-49.

The same is true for any claim arising from Jones' alleged wrongful conviction on December 8, 2009. [39] ¶ 216; *see also Jones v. Tennessee*, No. 1:09-CV-171, 2010 WL 1417876, at *2 (E.D. Tenn. Apr. 6, 2010) ("On December 8, 2009 a state court jury found Plaintiff guilty of possession of Schedule II Hydromorphone

---

[1] Jones' Complaint contains various allegations that Defendant Judges Ross and Reedy, Criminal Circuit Court judges in Bradley County, Tennessee, were somehow "complicit" in allowing the "submission of corrupted evidence" against him. [39] ¶¶ 32, 33, 149. Jones cannot recover monetary damages from individual state judges because "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Even if not time-barred, then, any claims against Defendant Judges Ross or Reedy would be dismissed with prejudice.

with intent to sell or deliver over 50 grams."). Jones' cause of action for wrongful conviction accrued on the date of his conviction and has long expired. And because Jones seeks to recover monetary damages ("not less than $30,000,000 in actual compensatory damages for costs and/or losses") on account of an allegedly illegal and wrongful conviction, and because the state court has not overturned his conviction, Jones' claims are also barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994) ("when a state prisoner seeks damages in a § 1983 suit [...] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Jones has not shown (or even alleged) that his sentence has been overturned, and as such, any claims relating to his alleged wrongful conviction are both time-barred and *Heck*-barred.

In sum, all of Jones' claims are barred by the statute of limitations applicable to § 1983 actions. While some parties argue Tennessee's one-year statute of limitations applies to Counts III and IV (*see, e.g.,* [43] at 10-13), Jones' claims are long barred under either Tennessee's one-year or Mississippi's three-year personal-injury statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(3); Miss. Code Ann. § 15-1-49. Jones' Complaint is therefore dismissed with prejudice.

IV.    Conclusion

The Court has considered all arguments. Those that the Court does not address would not have changed the outcome. For the reasons stated, the Motions to Dismiss filed by Defendants William Hammack [6]; Great Southern National Bank [7]; Cassandra Kauerz [8]; Pamela Hancock [10]; Franklin Chancey [12];

8

Bradley County Sheriff's Office [21]; Bryan Hoss [34]; and 10th JDDTF [42] are GRANTED. Defendant Franklin Chancey's Motion for More Definite Statement [14] is DENIED as moot. It is, therefore, ordered that this case is dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 1st day of March, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE